UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED VIDEO TECHNOLOGIES LLC,   :<br>  :<br>                        Plaintiff,   :<br>    v.                                                 :<br>  :<br> LENOVO GROUP LTD., and                :<br> LENOVO (UNITED STATES) INC.        :<br>  :<br>                        Defendant.   :<br>―――――――――――――――――――― x | Civil Action No. 1:15-cv-05212<br><br>District Judge<br>Magistrate Judge<br><br><br>Jury Trial Demanded |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Advanced Video Technologies LLC, by and for its complaint, hereby alleges through its attorneys as follows:

**NATURE OF THE ACTION**

This is an action for patent infringement of United States Patent No. 5,781,788 under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, seeking damages and other relief under 35 U.S.C. § 281, *et seq.*

**PARTIES**

1. Advanced Video Technologies LLC ("AVT"), is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Road, Suffern, New York 10901-3740.

2. Upon information and belief, Lenovo Group Ltd. is a Hong Kong corporation with a principal place of business at Shangdi Information Industry Base, No. 6 Chuang Ye Road, Haiden District, 100085 Beijing, China.

3. Upon information and belief, Lenovo (United States) Inc. is a Delaware corporation with a principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.

4. Lenovo Group Ltd. and Lenovo (United States) Inc. are referred hereinafter collective as "Lenovo" or "Defendants."

5. Lenovo engages in the design, manufacture, importation to the United States and its territories, offer for sale, sale after importation, and marketing of mobile communication devices.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1338(a) because this action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because, among other reasons, Defendants are subject to personal jurisdiction in this Judicial District, and Defendants have transacted business and have committed acts of patent infringement in this Judicial District, entitling AVT to relief.  For example, upon information and belief, Defendants have made, used, sold, offered for sale, and/or imported infringing products in this Judicial District.

8. Personal jurisdiction over each of Defendants exists because Defendants, either directly or indirectly through one or more of their subsidiaries, affiliates, partners, or other related parties, have conducted and/or continue to conduct business within the State of New York, including in this Judicial District.  Upon information and belief, Defendants each have contributed and/or committed the acts of patent infringement alleged in this Complaint in the United States, the State of New York and this forum and has minimum contacts with this forum by way of at least the sale or importation of mobile communication devices and/or other products in this Judicial District either directly or through distributors or retailers, or by placing their products within the stream of commerce, which is directed at this forum.

**BACKGROUND**

9. United States Patent No. 5,781,788 ("the '788 Patent"), entitled "Full Duplex Single Chip Video Codec," was duly and lawfully issued on July 14, 1998, based upon an application filed by the inventors, Beng-Yu Woo, Xiaoming Li, and Vivian Hsiun. A true and correct copy of the '788 Patent is attached hereto as Exhibit A.

10. The United States Patent and Trademark Office ("PTO") issued a Reexamination Certificate on January 8, 2008 for the '788 Patent. A true and correct copy of the Reexamination Certificate is attached hereto as Exhibit B.

11. On May 1, 2015, AVT applied to the Court of Chancery of the State of Delaware for the appointment of Receiver for AVC Technology, Inc. ("AVC") in order to complete the transfer of ownership of the '788 Patent to AVT. A true and correct copy of the petition is attached hereto as Exhibit C.

12. On May 13, 2015, the Court of Chancery of the State of Delaware granted AVT's petition appointing a Receiver for the dissolved company, AVC. The Receiver was appointed "for the sole purpose of transferring any ownership interest that AVC may have in U.S. Patent No. 5,781,788 ('the 788 Patent')." A true and correct copy of the court's Order is attached hereto as Exhibit D.

13. On June 5, 2015, the Receiver executed an Assignment that transferred all rights, title and interests, including the right to collect past damages, in the '788 Patent from AVC to AVT. A true and correct copy of the assignment is attached as Exhibit E.

## CLAIM FOR RELIEF
### Infringement of United States Patent No. 5,781,788

14. All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

15. AVT is the assignee and the owner, which holds all rights, title, and interest in and to the '788 Patent, and has the right to sue and recover damages for past infringement thereof.

16. Defendants are not licensed under the '788 Patent, yet Defendants knowingly, actively and lucratively practiced the claimed invention of the '788 Patent.

17. Lenovo is and has been engaged in the marketing and sale of mobile communication devices in the United States generally and in the Southern District of New York.

18. Lenovo's mobile communication devices have the ability to capture video and contain a single chip video codec that compresses and decompresses video information.

19. Specifically, Lenovo has imported, sold, and offered for sale mobile communication devices, including but not limited to the Lenovo Yoga 2 and the Lenovo Yoga Tablet HD+, which have the ability to capture video and which contain a single chip video codec that compresses and decompresses video information.

20. Lenovo is in violation of 35 U.S.C. § 271(a) and has infringed literally or under the doctrine of equivalents at least claim 13 of the '788 Patent directly by at least making, using, importing, selling, and offering to sell, without license or authority, the above-referenced mobile communication devices to the general public and retailers, including but not limited to the Lenovo Yoga Tablet HD+ and the Lenovo Yoga Tablet 2.  AVT is entitled to recover from the Defendants damages for the six years prior to the filing date of this lawsuit, except for the number of days between the date the '788 Patent expired and the filing date of this lawsuit adequate to compensate for such infringement, in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284,

which have yet to be determined. The full measure of damages sustained as a result of Lenovo's wrongful acts will be proven at trial.

21. Lenovo is in violation of 35 U.S.C. §§ 271(b), (c) and has infringed indirectly at least claim 13 of the '788 Patent by knowingly and specifically intending to induce and/or contribute to infringement by others (*e.g.*, including but not limited to end users and retailers such as Best Buy, Staples, Microsoft, www.newegg.com, etc.) by the sale of at least the above-referenced mobile communication devices to others. The acts of inducement include, for example, advertisement and instructions to use the above-referenced mobile communication devices to record and/or playback video.

22. Lenovo's acts of infringement of the '788 Patent occurred with knowledge of the '788 Patent and are willful and deliberate.

23. Plaintiff is entitled to pre-suit damages, and is not barred from pre-suit damages by 35 U.S.C. § 287.

24. Defendants have infringed despite an objectively high likelihood that their actions constitute infringement of AVT's valid patent rights. Upon information and belief, Defendants knew of or should have known of this objectively high risk, at least as early as of date of this Complaint, and/or when they first became aware of the '788 Patent. Thus, Defendants' infringement of the '788 Patent has been willful.

25. On August 18, 2014, Dr. Yoriko Morita, a Vice President of Licensing for General Patent Corporation, AVT's manager, sent a letter to Kathryn Tsirigotis, Esq., a director of licensing for Lenovo Group Ltd, with a copy of the '788 Patent. A true and correct copy of this letter is attached hereto as Exhibit F. In the course of subsequent months, multiple emails were exchanged between Dr. Morita and Ms Tsirigotis. At least as early as August of 2014, but no later than their

receipt of this Complaint, Defendants have had knowledge of the '788 Patent, which is entitled to statutory presumption of validity under 35 U.S.C. § 282.  AVT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and treble damages under 35 U.S.C. § 284 as well as its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AVT prays for judgment and respectfully requests that the Court find in its favor and against Lenovo, and demands judgment as follows:

A.  An order adjudging Lenovo to have infringed the '788 Patent, literally and/or under the doctrine of equivalents;

B.  Judgment that such infringement has been willful;

C.  Holding that the '788 Patent is not invalid and not unenforceable;

D.  An award of damages adequate to compensate AVT for the infringement by Lenovo along with prejudgment and post-judgment interest, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provisions of 35 U.S.C. § 284;

E.  A declaration that this is an exceptional case and an award of AVT's reasonable attorney fees and expenses pursuant to the provisions of 35 U.S.C. § 285;

F.  An award of AVT's costs; and

G.  Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), AVT hereby demands a jury trial on all issues so triable raised in this action.

                                                                      Respectfully submitted,

Dated:   July 6, 2015            /s/ *Robert W. Morris*
                                            Robert W. Morris (RWM 2268)
                                            Thomas M. Smith (TMS 9962)
                                            **Eckert Seamans Cherin & Mellott, LLC**
                                            10 Bank Street
                                            White Plains, New York 10606
                                            Phone: 914-286-6440
                                            Fax: 914-949-5424
                                            rwmorris@eckertseamans.com
                                            tsmith@eckertseamans.com

                                            *Attorneys for Plaintiff*
                                            *Advanced Video Technologies LLC*

# **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 1.6(a)**

The undersigned hereby certifies, pursuant to Local Civil Rule 1.6(a), that with respect to the matter in controversy herein, plaintiff Advanced Video Technologies LLC is not aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject. However, the patent at issue in this case was the subject matter in the following:

- *Advanced Video Technologies LLC v. Pure Digital Technology, Inc.*, Civil Action No. 1:08-cv-03627 (S.D.N.Y. filed April 16, 2008) — Settled and dismissed

- *Advanced Video Technologies LLC v. Thomson Inc.*, Civil Action No. 1:09-cv-03527 (S.D.N.Y. filed April 7, 2009) — Settled and dismissed

- *Advanced Video Technologies LLC v. Audiovox Corporation, Audiovox Electronics Corporation*, Civil Action No. 1:09-cv-04516 (S.D.N.Y. filed May 17, 2009) — Settled and dismissed

- *Advanced Video Technologies LLC v. Casio America Inc., Casio Computer Co., LTD,* Civil Action No. 2:09-cv-05220 (D.N.J. filed October 13, 2009) — Settled and dismissed

- *Advanced Video Technologies LLC v. Aiptek, Inc. USA et al.,* Civil Action No. 1:10-cv-09013 (S.D.N.Y. filed December 2, 2010) — Settled and dismissed

- *Advanced Video Technologies LLC v. HTC Corporation et al.,* Civil Action No. 1:11-cv-6604 (S.D.N.Y. filed September 22, 2011) — Dismissed

- *Advanced Video Technologies LLC v. Motorola Mobility LLC,* Civil Action No. 1:12-cv-00918 (S.D.N.Y. filed January 6, 2012) — Dismissed

- *Advanced Video Technologies LLC v. Research in Motion Ltd. et al.,* Civil Action No. 1:11-cv-8908 (S.D.N.Y. filed December 6, 2011) — Dismissed

- *Advanced Video Technologies LLC v. HTC Corporation et al.,* Civil Action No. 1:15-cv-4626 (S.D.N.Y. filed June 15, 2015) — Filed

- *Advanced Video Technologies LLC v. Motorola Mobility LLC,* Civil Action No. 1:15-cv-4632 (S.D.N.Y. filed June 15, 2015) — Filed

- *Advanced Video Technologies LLC v. Blackberry Ltd. et. al.,* Civil Action No. 1:15-cv-4631 (S.D.N.Y. filed June 15, 2015) — Filed

Respectfully submitted,

Dated:   July 6, 2015

/s/ *Robert W. Morris*
Robert W. Morris (RWM 2268)
Thomas M. Smith (TMS 9962)
**Eckert Seamans Cherin & Mellott, LLC**
10 Bank Street
White Plains, New York 10606
Phone: 914-286-6440
Fax: 914-949-5424
rwmorris@eckertseamans.com
tsmith@eckertseamans.com

*Attorneys for Plaintiff*
*Advanced Video Technologies LLC*